**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,                              Case No. 87-CR-80933-02

v.                                              Hon. Gerald E. Rosen

BILLY JOE CHAMBERS,

      Defendant.
_____/

**ORDER REGARDING DEFENDANT'S MOTIONS FOR**
**REDUCTION IN SENTENCE AND OTHER PENDING MOTIONS**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on        June 9, 2009

PRESENT:  Honorable Gerald E. Rosen
                        Chief Judge, United States District Court

By *pro se* motion filed on March 3, 2008, as supplemented by a variety of *pro se* submissions and by a March 11, 2009 supplemental brief filed by counsel on his behalf, Defendant Billy Joe Chambers seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), citing the recent amendments to the United States Sentencing Guidelines pertaining to crack cocaine. In addition to this requested relief, Defendant has filed a number of *pro se* submissions in which he attempts to challenge other aspects of his conviction and sentence. The Court addressed all of these matters at a hearing held on June 8, 2009. For the reasons stated at the hearing, as supplemented by the rulings below, the Court finds no basis for modifying Defendant's sentence, and therefore declines to

award any of the relief requested in Defendant's various submissions.

First and foremost, the recent crack cocaine amendments to the Sentencing Guidelines are unavailing to Defendant because his December 1992 sentence of 325 months' imprisonment was not based on a Sentencing Guideline range that has subsequently been lowered by these amendments. *See United States v. Johnson,* 564 F.3d 419, 423 (6th Cir. 2009) (confirming that the crack cocaine amendments apply only where a defendant is "sentenced based on a Guidelines range that was subsequently reduced" as a result of these amendments). Rather, Defendant's base offense level of 32 was determined by resort to § 2D1.5, the guideline that governs ***continuing criminal enterprise*** ("CCE") offenses.[1] The guideline that was revised by the recent crack cocaine amendments — namely, the drug quantity table set forth at § 2D1.1(c) — played no role in the determination of Defendant's sentence.[2] Accordingly, Defendant is not eligible for

---

[1] While the Government states in its January 22, 2009 response to Defendant's motion that Defendant's base offense level was 36, Defendant correctly points out that his base offense level actually was 32, in keeping with the 1987 version of U.S.S.G. § 2D1.5. The Government also states that Defendant was given a two-point reduction for acceptance of responsibility, but the Court actually declined to grant this reduction. Rather, the Court applied a base offense level of 32, and then departed upward by seven levels pursuant to § 5K2.0 to arrive at an offense level of 39 and a sentencing range of 262-327 months. Defendant then was sentenced in December of 1992 to 325 months of imprisonment.

[2] Notably, when Defendant was initially sentenced by Judge Suhrheinrich back in 1989, he was given concurrent sentences of 365 months of imprisonment for a CCE offense and a drug conspiracy offense. The Sixth Circuit reversed and remanded for resentencing, however, finding that the Double Jeopardy Clause barred the imposition of punishment for both of these two offenses because the drug conspiracy offense was a lesser included variant of the CCE offense. *See United States v. Chambers,* 944 F.2d 1253 (6th Cir. 1991). On remand, this Court imposed a 325-month term of imprisonment for the CCE offense, and the Sixth Circuit affirmed this sentence on direct appeal. *See United States v. Chambers,* 16 F.3d 1221, 1994 WL 12649 (6th

a reduced sentence in light of the recent Sentencing Guideline amendments.

To be sure, drug quantity featured indirectly in this Court's determination of Defendant's sentence. In particular, in electing to depart upward from level 32 to level 39 pursuant to U.S.S.G. § 5K2.0, the Court cited (i) "[e]xcessive quantities of drugs," (ii) "[u]se of violence," and (iii) "[u]se of juveniles in operation of drug organization." (12/22/1992 Judgment at 5.) Yet, this application of § 5K2.0 did not depend, directly or otherwise, on any offense levels set forth in § 2D1.1(c), and thus could not be viewed as altered in any way by the recent amendments to this latter guideline. More generally, the Court's drug-quantity-based upward departure did not depend upon or invoke the 100-to-1 crack/powder disparity that the recent Sentencing Guideline amendments are intended to mitigate — the quantity of drugs involved in Defendant's criminal enterprise surely would quality as "excessive" even without the application of this ratio. Finally, even if the Court were to conclude that Defendant was eligible for a sentence reduction in light of the recent crack cocaine amendments, the Government points out that "[a] reduction is not automatic," and that the Court retains the discretion to deny a sentence reduction based upon consideration of the factors set forth in 18 U.S.C. § 3553(a). *Johnson,* 564 F.3d at 423-24. The Government persuasively argues, and the Court readily agrees, that a reduction would not be appropriate here, where "[t]he grounds for [the Court's]

---

Cir. Jan. 19, 1994). Thus, Defendant's resentencing under the CCE guideline, as opposed to the guidelines governing drug offenses, was a direct result of his successful challenge to his initial sentence.

departure . . . remain as powerful and relevant today as they were [in 1992]," and where, "[a]lmost twenty years later, the scale of trafficking in which defendant and his brothers engaged remains among the very biggest drug rings this district has seen." (Government's 1/22/2009 Response at 3.)

      Beyond Defendant's request for a reduction in his sentence based upon the recent crack cocaine amendments to the Sentencing Guidelines, he also has filed a number of *pro se* motions, letters, and other submissions over the past several months in which he seeks to advance a number of other challenges to his sentence. Yet, even if the crack cocaine amendments provided a basis for a reduction in Defendant's sentence pursuant to 18 U.S.C. § 3582(c), the courts have confirmed that a limited resentencing hearing in accordance with § 3582(c) does not afford an opportunity to raise *Booker* and other challenges of the sort advanced in Defendant's *pro se* motions. *See, e.g., United States v. Spencer,* No. 93-80037, 2009 WL 174112, at *3-*4 (E.D. Mich. Jan. 23, 2009); *United States v. Blair,* No. 97-81440, 2008 WL 2622962, at *2-*3 (E.D. Mich. July 2, 2008) (explaining that "[a] motion pursuant to § 3582(c)(2) is not a do-over of an original sentencing where a defendant is cloaked in rights mandated by statutory law and the Constitution" (internal quotation marks and citations omitted)). Thus, as explained at the June 8 hearing, the Court declines to entertain these challenges.[3]

---

[3] In any event, as observed at the June 8 hearing, there is scarcely an available challenge to a federal sentence that Defendant has not already pursued in this case, either on direct appeal or in the several collateral proceedings he has sought to initiate over the years.

For these reasons, as well as the reasons stated at the June 8, 2009 hearing,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's several motions to reduce his sentence, filed on March 3, 2008 (docket #1433), March 13, 2008 (docket #1435), and April 23, 2008 (docket #1441), are DENIED. IT IS FURTHER ORDERED that Defendant's additional *pro se* motions relating to or otherwise seeking to supplement these underlying motions — namely, his August 21, 2008 motion to expedite sentencing hearing (docket #1453), his September 3, 2008 motion for release on bond (docket #1455), and his December 10, 2008 and February 19, 2009 motions to amend his earlier submissions (docket #s 1470 and 1475) — are DENIED AS MOOT. Finally, IT IS FURTHER ORDERED that Defendant's counsel's August 15, 2008 motion to withdraw (docket #1452) is GRANTED, effective as of the conclusion of the June 8, 2009 hearing, with counsel having discharged her obligation toward Defendant by filing a supplemental brief in support of Defendant's request for modification of his sentence, and by appearing and arguing on Defendant's behalf at the June 8 hearing.

SO ORDERED.

                                        s/Gerald E. Rosen
                                        Chief Judge, United States District Court

Dated: June 9, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 9, 2009, by electronic and/or ordinary mail.

                      s/Ruth Brissaud
                      Case Manager